**Reversed and Rendered, and Opinion Filed March 28, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00525-CV**

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**
**V.**
**JORDAN FOSTER, Appellee**

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 76,266**

## OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

The Texas Department of Public Safety (DPS) brings a restricted appeal of the district court's order of expunction granting Jordan Foster's petition for expunction as to the misdemeanor offense of assault causing bodily injury and the felony offense of aggravated sexual assault of a child younger than fourteen years of age. Foster did not file a brief on appeal. DPS raises three issues arguing the district court erred when it granted Foster's petition for expunction because: (1) Foster was not entitled to an expunction of the misdemeanor offense of assault causing bodily injury because he served a term of deferred adjudication as a result of that arrest; (2) Foster was not entitled to an expunction of the felony aggravated sexual assault of a child offense because he served a term of deferred adjudication as a result of that arrest; and (3) Foster was not entitled to an expunction of the felony aggravated sexual assault of a child offense

because he did not prove (a) the indictment was dismissed for a statutorily authorized reason or (b) the statute of limitations had expired.

We conclude the district court erred when it granted Foster's petition for expunction. The district court's order of expunction is reversed and an order denying Foster's petition for expunction is rendered.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Foster was indicted for the felony offense of aggravated sexual assault of a child younger than fourteen years of age in cause number 23,241. The State filed a motion to dismiss this cause in the district court. The preprinted motion to dismiss lists possible reasons for the dismissal. The boxes next to these statements in the motion were checked: "The defendant was convicted in another cause" and "Other." In the space provided after the preprinted statement "and for cause would show the Court the following" the State inserted "Case has been refiled. [Foster] plead[ed] to CR0602268, Hunt County Court at Law." The district court granted the State's motion to dismiss.

On the same day the State filed its motion to dismiss the felony charge, Foster was charged by information for the misdemeanor offense of assault causing bodily injury to another in the county court at law in cause number 0602268. Foster pleaded nolo contendre to the offense. The county court deferred Foster's adjudication and ordered that he be placed on community supervision for twenty-four months. After Foster completed his community supervision, the county court signed an order of non-disclosure in cause number "CR0602268."

Then, Foster filed a petition for expunction in the district court. The petition requested expunction of all records and files relating to the felony offense of aggravated sexual assault of a child in cause number 23,241. In his verified petition, Foster claimed that he was

> [E]ntitled to an expunction of all records and files relating to said alleged offense of Aggravated Sexual Assault of a Child [u]nder Article 55.01(a)(2) of the Texas

–2–

Code of Criminal Procedure, because no indictment or information was presented against [him] for said offense arising out of the transaction for which [he] was arrested. [Foster] further states that [he] has been released, that the charge has not resulted in a final conviction and is no longer pending, and that there was no court-ordered community supervision under Article 42.12 of the Texas Code of Criminal Procedure nor a conditional discharge under Section 481.109 of the Texas Health and Safety Code.

DPS filed an answer generally denying Foster's claim and asserted an affirmative defense, contending "Foster is not entitled to expunge his arrest and indictment for Aggravated Sexual Assault of a Child because his arrest did not result in an indictment or information which was dismissed for a reason that indicated there is a lack of probable cause to believe he committed the offenses." A hearing was held on Foster's petition for expunction. The State appeared at the hearing, but DPS did not. Further, at the hearing, Foster did not present any testimony or other evidence. After the hearing, the district court signed an order that granted Foster's petition for expunction with respect to the offense of "Assault Causing Bodily Injury," cause number "23,241," in the "354th Judicial District Court." The order lists the expunged offense as assault causing bodily injury that was before the county court at law, but lists the cause number and court associated with the offense of aggravated sexual assault of a child younger than fourteen years of age that was before the district court. In the order, the district court found that "Foster is entitled to expunction as provided by Article 55.01(a)(2). Texas Code of Criminal Procedure." The record on appeal does not contain any findings by the district court with regard to the reason for the dismissal of the felony aggravated sexual assault of a child charge.

Noting the conflict between the offenses identified and the cause numbers on the district court's order of expunction, DPS appealed the order of expunction, arguing error as to assault causing bodily injury, aggravated sexual assault of a child younger than fourteen years of age, or both. This Court ordered the district court to make findings of fact as to the specific cause number and offense it expunged, and abated the appeal. The district court made findings of fact

stating that the records Foster sought to have expunged pertained to the aggravated sexual assault of a child charge, the order of expunction incorrectly expunges the misdemeanor charge to which Foster pleaded guilty before the county court at law, and the only records the district court had the authority to expunge were those pertaining to the aggravated sexual assault of a child. Then, this Court reinstated the appeal.

## II.  RESTRICTED APPEAL OF EXPUNCTION ORDER

Initially, we must address whether DPS may complain of the expunction order in a restricted appeal.  All law enforcement agencies that may have records a petitioner wants expunged are entitled to be represented by counsel at an expunction hearing.  TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c-1) (West Supp. 2012); *Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.).  To successfully attack an order by restricted appeal, the appealing party must show it was (1) a party who did not participate either in person or through counsel in the hearing that resulted in the judgment complained of, (2) it filed a notice of appeal within six months after the order was signed, and (3) error is apparent on the face of the record.  TEX. R. APP. P. 26.1(c), 30; *Jacobs*, 250 S.W.3d at 210.  An agency protesting an expunction order may appeal the judge's decision in the same manner as in other civil cases.  TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(a) (West Supp. 2012); *Jacobs*, 250 S.W.3d at 210.

As a state agency that has records subject to expunction, DPS is a party to the suit within the meaning of the requirements of a restricted appeal.  *Jacobs*, 250 S.W.3d at 210.  The petition for expunction was filed on December 14, 2010.  The record contains a return receipt showing DPS was served with a copy of the petition for expunction on December 20, 2010.  On February 14, 2011, DPS filed an answer and asserted its affirmative defense.  However, DPS did not

–4–

participate in person or through counsel in the expunction hearing. Accordingly, DPS meets the first requirement for raising a restricted appeal. *Jacobs*, 250 S.W.3d at 210.

The order of expunction was signed by the district court on December 2, 2011. DPS filed its notice of restricted appeal on April 18, 2012, within the six-month deadline contemplated in rule 26.1(c). Because DPS timely filed its notice of restricted appeal, it meets the second requirement for raising a restricted appeal. *Jacobs*, 250 S.W.3d at 210. Accordingly, we next turn to whether error is apparent on the face of the record.

### III. STANDARD OF REVIEW

In a restricted appeal, an appellate court is limited to considering only the face of the record, but its scope of review is otherwise the same as that in an ordinary appeal. *Jacobs*, 250 S.W.3d at 210. Accordingly, an appellate court reviews the entire case. *Jacobs*, 250 S.W.3d at 210. In a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Jacobs*, 250 S.W.3d at 210. An appellate court's review of the entire case encompasses the review of the insufficiency claims. *See Jacobs*, 250 S.W.3d at 210.

### IV. ASSAULT CAUSING BODILY INJURY

In issue one, DPS argues the district court erred when it granted Foster's petition for expunction as to the misdemeanor offense of assault causing bodily injury because Foster served a term of deferred adjudication as a result of that arrest. The district court's subsequent findings of fact state that "The Order of Expunction incorrectly expunges the misdemeanor charge to which [Foster] pled guilty (Assault Causing Bodily Injury)." Accordingly, we conclude the district court erred when it expunged all records and files relating to Foster's arrest for misdemeanor assault causing bodily injury in cause no. 0602268.

Issue one is decided in favor of DPS.

## V. AGGRAVATED SEXUAL ASSAULT OF CHILD

In issue three, DPS argues the district court erred when it granted Foster's petition for expunction as to the felony offense of aggravated sexual assault of a child younger than fourteen years of age because Foster did not prove (a) the indictment was dismissed for a statutorily authorized reason or (b) the statute of limitations had expired.

### A. *Applicable Law*

Expunction is a statutory privilege and the petitioner must prove that all statutory requirements have been satisfied. *Texas Dept. of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Pursuant to article 55.01(a)(2), a person who has been placed under custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

> (2)    the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:
>
>> (A)    regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense out of the same transaction for which the person was arrested:
>>
>>> (ii)    if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program authorized under Section 76.011, Government Code, or because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void; or

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii) (West Supp. 2012).

### B. Application of the Law to the Facts

To be entitled to expunction under the facts of this case, Foster had to establish that (1) he had been released and the charge, if any, had not resulted in a final conviction and was no longer pending, (2) there was no court-ordered community supervision under article 42.12 for the offense, (3) an indictment or information charging him with the commission of any felony offense arising out the same transaction for which he was arrested, if presented, was dismissed or quashed, and (4) the court found that the indictment or information was dismissed or quashed because of mistake, false information, or some other reason indicating absence of probable cause at the time of the dismissal to believe he committed the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii).

Initially, we note that in his verified petition for expunction, Foster alleged that "no indictment or information was presented against [him]" for the felony offense of aggravated sexual assault of a child. However, the record contains an indictment against Foster for the felony offense of aggravated sexual assault of a child younger than fourteen years of age, as well as the State's motion to dismiss and an order granting that motion.

Next, a review of the record shows that in its motion to dismiss, the State checked boxes on a preprinted form that identified it was seeking dismissal of the aggravated sexual assault of a child younger than fourteen years of age charge because "The defendant was convicted in another cause" and "Other". Further, the State indicated in the motion the "Case has been refiled. [Foster] plead[ed] to CR0602268, Hunt County Court at Law." The district court granted the State's motion to dismiss. There is nothing in the record on appeal showing the district court made any findings with regard to the

reason for the dismissal of the felony aggravated sexual assault of a child offense when it granted the State's motion to dismiss.

At the hearing on his petition for expunction, Foster did not present any testimony or other evidence demonstrating he proved all of the statutory requirements for expunction. *See Jacobs*, 250 S.W.3d at 211 ("To be entitled to expunction, the person seeking relief must establish that each of the following conditions exists . . ."); *J.H.J.*, 274 S.W.3d at 860 (expunction statutory privilege and petitioner must prove all statutory requirements have been satisfied). Further, there is nothing in the record on appeal showing the district court made any findings with regard to the reason for the dismissal of the felony aggravated sexual assault of a child offense when it granted the Foster's petition for expunction.

Accordingly, we conclude the district court erred when it expunged all records and files relating to Foster's arrest for felony aggravated sexual assault of a child younger than fourteen years of age in cause no. 23,241. The first part of issue three is decided in favor of DPS. Based on our resolution of the first part of issue three, we need not address the second part of issue three or issue two.

## VI. CONCLUSION

The district court erred when it granted Foster's petition for expunction.

We reverse the district court's order of expunction and render an order denying Foster's petition for expunction.

/Douglas S. Lang/
120525F.P05
DOUGLAS S. LANG
JUSTICE

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant

No. 05-12-00525-CV          V.

JORDAN FOSTER, Appellee

On Appeal from the 354th Judicial District
Court, Hunt County, Texas
Trial Court Cause No. 76,266.
Opinion delivered by Justice Lang.   Justices
Moseley and Francis participating.

      In accordance with this Court's opinion of this date, the trial court's order of expunction
is **REVERSED** and an order denying appellee JORDAN FOSTER'S petition for expunction is
**RENDERED**.

      It is **ORDERED** that appellant TEXAS DEPARTMENT OF PUBLIC SAFETY recover
its costs of this appeal from appellee JORDAN FOSTER.

Judgment entered this 28th day of March, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE