**Reverse and Remand and Opinion Filed February 3, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-11-01276-CV

### EX PARTE HAROLD CORNISH

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. X11-555-R

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Francis

Texas Association of School Boards brings this restricted appeal of the trial court's order granting Harold Cornish's petition for expunction. In two issues, TASB argues the order should be set aside because the trial court failed to comply with the statutory proceedings for expunction by (1) violating the thirty-day waiting period and conducting a hearing without giving notice to TASB and (2) failing to attach a copy of the judgment of acquittal to the order. For reasons set out below, we reverse the trial court's order and remand for further proceedings.

On April 25, 2011, Cornish filed a petition to expunge a December 11, 2009 arrest for assault.[1] Although the petition was entitled "PETITION FOR EXPUNCTION FOR NOT GUILTY VERDICT" and was stamped "ACQUITTAL," the body of the petition alleged

---

[1] The record shows that the original expunction file was transferred to the United States District Court for the Northern District of Texas, Dallas Division, on August 16, 2011. The United States District Clerk, however, does not have any notation indicating that a file was received by the clerk's office. The original file was therefore lost or destroyed, and an expunction file was recreated containing the petition and order.

Cornish was entitled to expunction of the arrest under the general expunction provision. Specifically, Cornish alleged (1) the charge had been dismissed, (2) the statute of limitations for the offense had expired, (3) he had been released from the charge, and the charge did not result in a final conviction or deferred adjudication under section 42.12 of the Texas Code of Criminal Procedure, and (4) he had not been convicted of a felony within the five years preceding the date of the identified arrest. The petition did not allege that Cornish had been acquitted. The petition also listed several respondents, including TASB and all agencies within the TASB. Cornish asked that the case be set for hearing at the earliest time after thirty days had elapsed, the clerk deliver by certified mail copies of the petition and the order setting a hearing date to the respondents, and that expunction be granted after hearing. The petition was verified.

On the same day the petition was filed, the trial court signed an order granting the expunction. Like the petition, the order was stamped, "ACQUITTAL." In the order, the trial court found Cornish was entitled to expunction and found the respondents had been served with a copy of the petition as required by law. In a later hearing concerning the record in this cause, the prosecutor conceded that TASB was not notified of the expunction hearing.

To successfully attack an order by restricted appeal, the appealing party must show it was a party who did not participate either in person or through counsel in the hearing that resulted in the judgment complained of, it filed a notice of appeal within six months after the order was signed, and error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30.

TASB is a governmental entity named in the petition but did not participate either in person or through counsel at the expunction hearing. Further, TASB filed its notice of restricted appeal within six months of the date of the order. We thus turn to whether error is apparent on the face of the record.

In its first issue, TASB argues the trial court reversibly erred by expunging Cornish's criminal records without waiting thirty days after the petition was filed to hold a hearing and without providing notice of the hearing.

In a restricted appeal, we are limited to considering only the face of the record, but our scope of review is otherwise the same as in an ordinary appeal; accordingly, we review the entire case. *Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.). Expunction is a statutory privilege and to be entitled to an expunction, the petitioner has the burden of proving that all the statutory requirements have been satisfied. *See Tex. Dep't of Pub. Safety v. Foster*, 398 S.W.3d 887, 891 (Tex. App.—Dallas 2013, no pet.). The trial court must strictly comply with the statutory procedures for expunction, and it commits reversible error for failing to do so. *State v. Echeverry*, 267 S.W.3d 423, 425 (Tex. App.—Corpus Christi 2008, pet. denied).

Regardless of whether appellant's expunction was based on acquittal or the general expunction provisions, his petition makes clear that he sought relief under article 55.02, section 2 of the Texas Code of Criminal Procedure. Under section 2(a) as it existed at the time of the trial court's order, a person who is entitled to expunction under either basis may file an ex parte petition in the county where he was arrested or where the offense was alleged to have occurred. *See* Act of May 24, 2005, 79th Leg., R.S., ch. 728, § 4.006, 2005 Tex. Gen. Laws 2188, 2193 (current version at TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(a) (West Supp. 2013)).[2] The petition must be verified and include various information, including "a list of all . . . agencies or other entities of this state or of any political subdivision of this state . . . that the petitioner has

---

[2] Some five months after the trial court signed the order of expunction, the Legislature amended article 55.02, effective September 1, 2011. *See* Act of May 25, 2011, 82nd Leg., R.S., ch. 690, §§ 2-6, 8, 2011 Tex. Gen. Laws 1651, 1652–55; Act of May 25, 2011, 82nd Leg., R.S. ch. 894 §§ 2, 4, 2011 Tex. Gen. Laws 2274–76; Act of May 5, 2011, 82nd Leg., R.S., ch. 91, §§ 6.002, 28.001, 2011 Tex. Gen. Laws 451, 533; Act of May 21, 2011, 82nd Leg., R.S., ch. 278, §§ 3, 4, 10, 2011 Tex. Gen. Laws 883–84. Because the trial court here rendered the expunction order prior to September 1, 2011, the prior version of the expunction statute applies to Cornish's case. *In re R.A.*, No. 08-11-00192-CV, 2013 WL 4604435, *5 n.4 (Tex. App.—El Paso Aug. 28, 2013, no pet.). We cite to the current version of the statute only when it is not substantively different from the statute in existence at the time the order was signed.

reason to believe have information related to records or files that are subject to expunction." *See* Act of May 27, 2007, 80th Leg., R.S., ch. 1017, § 1, 2007 Tex. Gen. Laws 3544, 3544–45 (current version at TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(b)(8)(A)-(C) (West Supp. 2013)). The court shall set a hearing on the matter no sooner than thirty days from the filing of the petition and shall give to each official or agency or other governmental entity named in the petition reasonable notice of the hearing by certified mail, return-receipt requested, or by secure electronic mail, electronic transmission, or facsimile transmission. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c) (West Supp. 2013). As a party named in the petition, TASB was entitled to be represented by counsel at the expunction hearing. *Id*. § 2(c-1).

Here, the record shows on its face that the trial court did not wait thirty days to have the expunction hearing. Instead, the hearing had to have been held on the same day as the filing of the petition given that the expunction order was signed that day. In addition, it is clear from the timing of the filing of the petition and the signing of the order that the trial court did not provide TASB with reasonable notice of the expunction hearing. The State also conceded TASB was not given notice. Because the trial court failed to comply with the statutory requirements, we sustain the first issue. Having so concluded, it is not necessary to address TASB's second issue.

We reverse the trial court's order and remand for further proceedings consistent with this opinion.


/Molly Francis/
MOLLY FRANCIS
111276F.P05                                        JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE HAROLD CORNISH

No. 05-11-01276-CV

On Appeal from the 265th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. X11-555-R.
Opinion delivered by Justice Francis;
Justices Lang-Miers and Lewis participating.

 In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.
 It is **ORDERED** that Texas Association of School Boards recover its costs of this appeal from Harold Cornish.

Judgment entered February 3, 2014

/Molly Francis/
MOLLY FRANCIS
JUSTICE