

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00292-CV

**TEXAS DEPARTMENT OF PUBLIC SAFETY**,
Appellant

v.

Ricardo Guadalupe **TENORIO**,
Appellee

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2013CVK001755C1
Honorable Alvino (Ben) Morales, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 17, 2014

REVERSED AND RENDERED

Appellant Texas Department of Public Safety appeals the trial court's grant of Appellee Ricardo Guadalupe Tenorio's petition for expunction of all records and files relating to his arrest for misdemeanor deadly conduct. On appeal, the Department argues the trial court erred in interpreting the expunction statute to allow the destruction of records of individual offenses, as opposed to records of the arrest. Because Tenorio failed to prove the statutory requirements of the Texas Code of Criminal Procedure article 55.01(a), we reverse the trial court's order granting the petition for expunction.

## FACTUAL BACKGROUND

On May 12, 2000, Tenorio was arrested for failure to stop and give information and a class A misdemeanor deadly conduct charge. On June 26, 2001, Tenorio entered a plea for failure to stop and give information. The trial court assessed a punishment of one year confinement in the Webb County Jail and a fine in the amount of $300.00. The imposition of the sentence was suspended and Tenorio was placed on probation for two years. As a result of the plea, the deadly conduct charge was dismissed.

On August 27, 2013, Tenorio filed a petition to expunge the misdemeanor deadly conduct charge. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2014). In his petition, Tenorio averred that he was "tried and convicted for the offense, but subsequently pardoned on January 17, 2003[,] based on actual innocence." The trial court granted the petition on November 12, 2013, and this appeal ensued.

## RESTRICTED APPEAL

### A.    Filed within Six Months

The notice of appeal in a restricted appeal must be filed within six months of the trial court's signed judgment. TEX. R. APP. P. 26.1(c). Here, the Order of Expunction was signed by the trial court on November 12, 2013, and the Department filed its notice of restricted appeal on April 28, 2014, approximately five and one-half months later. Accordingly, the Department met the first requirement for raising a restricted appeal. *See* TEX. R. APP. P. 30; *Tex. Dep't of Pub. Safety v. Foster*, 398 S.W.3d 887, 890 (Tex. App.—Dallas 2013, no pet.).

### B.    Party to the Underlying Action

The Department must also show that it was a party to the underlying action and that it did not participate in the hearing that resulted in the judgment complained of, and "did not timely file

a postjudgment motion or request for findings of fact and conclusions of law." *See* TEX. R. APP. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

"An agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases." TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(a). "All law enforcement agencies [including the Texas Department of Public Safety] that may have records a petitioner wants expunged are entitled to be represented by counsel at an expunction hearing." *Foster*, 398 S.W.3d at 890 (citing TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c–1) (West Supp. 2012)); *accord Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.)).

Tenorio's petition was filed on August 27, 2013. The Department filed an answer on October 15, 2013. Although the District Attorney filed a waiver regarding notice of the hearing, the Department did not file any such waiver. The Department was a party, but it did not participate in person or through counsel at the hearing or file any post-judgment motions. The Department thus fulfilled the requirement set forth in rule 30. *See* TEX. R. APP. P. 30; *Foster*, 398 S.W.3d at 890.

Because the Department timely filed its notice of appeal and met the requirement for raising a restricted appeal, we turn to whether error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Foster*, 398 S.W.3d at 890. The sole issue in this appeal is whether Tenorio failed to present legally sufficient evidence to prove his entitlement to an expunction. *See Foster*, 398 S.W.3d at 890.

## PETITION FOR EXPUNCTION

### A.   Standard of Review

An appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no

pet.).  However, "[t]o the extent a ruling on expunction turns on a question of law, we review the ruling de novo because '[a] trial court has no "discretion" in determining what the law is or applying the law to the facts.'"  *Id.* (second alteration in original) (quoting *Walker v. Packer*, 827  S.W.2d 833, 840 (Tex. 1992)).  Statutory construction is a question of law.  *City of Rockwall v.  Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *City of San Antonio v. Caruso*, 350 S.W.3d 247, 250  (Tex. App.—San Antonio 2011, pet. denied).

When construing statutory language, our primary objective is to "ascertain and give effect to the Legislature's intent."  *Caruso*, 350 S.W.3d at 250; *accord Hughes*, 246 S.W.3d at 625. "Words and phrases that have acquired a  technical or particular meaning, whether by legislative definition or otherwise, shall be construed   accordingly."  TEX. GOV'T CODE ANN. § 311.011(b); *see Hughes*, 246 S.W.3d at 625.  "Otherwise,  we construe the statute's words according to their plain and common meaning, unless a contrary  intention is apparent from the context, or unless such a construction leads to absurd results."   *Hughes*, 246 S.W.3d at 625–26 (citations omitted); *accord Caruso*, 350 S.W.3d at 250.   In  construing the statutory language, we read the statute as a whole and interpret it so as to give effect   to every part, and we presume the legislature intended a just and reasonable result.  *See* TEX. GOV'T CODE ANN. § 311.021; *Caruso*, 350  S.W.3d at 250.

**B.      Texas Code of Criminal Procedure Article 55.01**

Although provided for in the Texas Code of Criminal Procedure, "[a]n expunction proceeding is civil rather than criminal in nature."  *Ex parte Green*, 373 S.W.3d at 113 (citing *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.)).  Expunction is a statutory privilege, not a constitutional or common-law right; therefore, the petitioner is not entitled to the expunction remedy unless he meets all the requirements set forth in article 55.01.  *See Ex parte Green*, 373 S.W.3d at 113; *T.C.R. v. Bell Cnty. Dist. Attorney's Office*,

305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.); *J.H.J.*, 274 S.W.3d at 806. Each statutory provision is mandatory and a petitioner is entitled to expunction only upon a showing that each and every statutory condition has been met. *J.H.J.*, 274 S.W.3d at 806. "The trial court must strictly comply with the statutory requirements, and it has no equitable power to expand the remedy's availability beyond what the legislature has provided." *T.C.R.*, 305 S.W.3d at 663; *accord J.H.J.*, 274 S.W.3d at 806. Conversely, if the petitioner fully complies with article 55.01(a), the court must grant the expunction petition. *T.C.R.*, 305 S.W.3d at 664.

Section 55.01 of the Texas Code of Criminal Procedure sets forth the requirements and procedures to expunge an individual's criminal record. *See* TEX. CODE CRIM. PROC. ANN. § 55.01. Tenorio alleged in his petition that he was entitled to expunction because he was tried, convicted, and later pardoned of the offense. Therefore, to prevail on his petition, he was required to prove the following:

> (1) the person is tried for the offense for which the person was arrested and is:
> . . .
>   (B) convicted and subsequently:
>     (i) pardoned for a reason other than that described by Subparagraph (ii); or
>     (ii) pardoned or otherwise granted relief on the basis of actual innocence with respect to that offense, if the applicable pardon or court order clearly indicates on its face that the pardon or order was granted or rendered on the basis of the person's actual innocence . . . .

TEX. CODE CRIM. PROC. ANN. § 55.01(a)(1)(B)(i)-(ii).

**D.    Analysis**

The record contains a copy of the judgment whereby Tenorio entered a plea of guilty and was placed on probation for failure to stop and give information. The record does not contain a copy of any January 17, 2003 order or a document indicating Tenorio was pardoned. Moreover, during the expunction hearing, Tenorio testified that he was never tried for the offense of deadly conduct and did not mention anything about being pardoned.

The record supports that on May 12, 2000, Tenorio was arrested for deadly conduct and failure to stop and give information. On June 26, 2001, Tenorio entered a plea of guilty to failure to stop and give information, and the deadly conduct charge was dismissed. As such, Tenorio's arrest resulted in a final conviction and community supervision. This conviction made him ineligible for expunction of the deadly conduct charge stemming from the same arrest. *See J.H.J.*, 274 S.W.3d at 806. As this court recently held in *Texas Department of Public Safety v. Dicken*, 415 S.W.3d 476, 480 (Tex. App.—San Antonio 2013, no pet.), "[t]he statute does not address or make allowances for expunction of individual offenses stemming from an arrest." *Id*. at 480; *accord S.J. v. State*, 438 S.W.3d 838, 844–45 (Tex. App.—Fort Worth 2014, no pet.). We further held, "the expunction statute was not intended to allow an individual who is arrested, and enters a plea of guilty to an offense arising from the arrest, to expunge the arrest and all court records concerning the arrest." *Dicken*, 415 S.W.3d at 481; *see also Tex. Dep't of Pub. Safety v. G.B.E.*, No. 03-13-00017-CV, 2014 WL 1165854, at *6–7 (Tex. App.—Austin Mar. 20, 2014, pet. denied) (examining legislature's substitution of "the" for the word "any" and concluding expunction unavailable when final conviction results from multi-charge arrest); *S.J.*, 438 S.W.3d at 844–45.

We remain mindful that allegations in a petition seeking expunction are not evidence. *Ex parte Guajardo*, 70 S.W.3d 202, 206 (Tex. App.—San Antonio 2001, no pet.). Tenorio bore the "burden of proving that all of the statutory requirements were satisfied." *Ex parte Green*, 373 S.W.3d at 113 (citing *State v. Knight*, 813 S.W.2d 210, 212 (Tex. App.—Houston [14th Dist.] 1991, no writ)); *J.H.J.*, 274 S.W.3d at 806. In other words, Tenorio "was required to provide some evidence in addition to his verified pleading in order to carry his burden of proof." *Cf. S.P.S. v. State*, No. 03-09-00151-CV, 2010 WL 668884, at *1 (Tex. App.—Austin Feb. 26, 2010, no pet.) (mem. op.) (holding defendant's testimony was some evidence); *accord Ex parte*

*K.R.K.*, No. 04-13-00470-CV, 2014 WL 4257901, at *3 (Tex. App.—San Antonio Aug. 29, 2014, no pet.).

The appellate record contains a copy of the petition for expunction and the judgment placing Tenorio on probation for the failure to stop and give information. The State filed an answer contesting the allegations contained in Tenorio's petition for expunction, attaching a copy of the judgment and the information charging Tenorio with both deadly conduct and failure to stop and give information. Although Tenorio's petition alleged his deadly conduct charge was pardoned, the record does not substantiate his allegation.

Accordingly, on this record, Tenorio failed to prove his entitlement to expunction on the misdemeanor charge of deadly conduct and the trial court erred in granting his petition for expunction of the corresponding records and files. *See Ex parte Green*, 373 S.W.3d at 113; *J.H.J.*, 274 S.W.3d at 806.

## CONCLUSION

Because the record does not support Tenorio's assertion that he was entitled to expunction of the records pertaining to the deadly conduct charge, the trial court erred in granting the petition for expunction. Accordingly, we reverse the trial court's order and render judgment denying Appellee Ricardo Guadalupe Tenorio's petition for expunction.

Patricia O. Alvarez, Justice