**AFFIRM; and Opinion Filed December 18, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-13-01662-CV
_____

## EX PARTE HUNG T. PHAM

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. X13-1266-Y**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Fillmore
Opinion by Justice Lang-Miers

Hung T. Pham appeals the trial court's order denying his motion for expunction of records of his arrest for indecency with a child.[1] We affirm the trial court's order.

### BACKGROUND

The facts of this case are undisputed. Pham was arrested on March 7, 2008, in Dallas County and charged with indecency with a child. During the jury trial, the State offered Pham a plea bargain in exchange for dismissal of the indictment. Pham accepted the offer, pleaded no contest to misdemeanor assault, and received two years' deferred adjudication community supervision. The State dismissed the indictment for indecency with a child.

---

[1] Pham's petition also asked the trial court to expunge records relating to a separate arrest for violating a protective order. Pham does not complain on appeal about the order denying relief on that ground.

In 2013, Pham moved to expunge the records relating to his arrest for indecency with a child. After a hearing, the trial court concluded that Pham was not eligible for expunction because he "received a two year misdemeanor probation for assault" in connection with the State's dismissal of the indictment. The trial court denied Pham's motion.

In one issue on appeal, Pham argues that he was "entitled to an expunction because the indictment was based on a mistake, a misstatement of facts, and false information which indicated the absence of probable cause at the time of dismissal."

### STANDARD OF REVIEW

We review a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Ex parte Jackson*, 132 S.W.3d 713, 715 (Tex. App.—Dallas 2004, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules and principles. *Id.*

### DISCUSSION

An expunction is a statutory privilege, and the person seeking the expunction bears the burden of proving that he satisfied all the statutory requirements. *Tex. Dep't of Pub. Safety v. Foster*, 398 S.W.3d 887, 891 (Tex. App.—Dallas 2013, no pet.). A person who has been arrested is entitled to have the records and files relating to the arrest expunged if:

> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense . . ., provided that:
>
>> (A) . . . an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:
>>
>>> . . .
>>>
>>> (ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed . . . because the presentment had been made because of mistake, false

–2–

information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense . . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii) (West Supp. 2014).

Pursuant to article 55.01(a)(2)(A)(ii), Pham had to establish four elements to show his entitlement to an expunction: (1) he has been released and the charge has not resulted in a final conviction and is no longer pending, (2) there was no court-ordered community supervision under article 42.12 for the offense, and (3) the indictment was dismissed (4) because of mistake, false information, or some other reason indicating absence of probable cause at the time of the dismissal to believe Pham committed the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii); *Foster*, 398 S.W.3d at 891. The State does not dispute on appeal that Pham established elements one, three, and four. Accordingly, we limit our analysis to the second element.

At the hearing on Pham's motion for expunction, Pham admitted that he received two years' deferred adjudication community supervision for assault in exchange for the dismissal of the indictment for indecency with a child. The State argued that the community supervision for assault made Pham ineligible for expunction. The trial court agreed Pham was ineligible for an expunction because he "received a two year misdemeanor probation for assault in regards to a plea bargain agreement with the State to dismiss the [indictment.]" In other words, the trial court's conclusion that Pham was not eligible for an expunction was because Pham did not satisfy the second element of the statutory requirements. The trial court made findings of fact and conclusions of law to support its decision.

On appeal, Pham argues that he established element four—the indictment was dismissed because of an absence of probable cause to believe he committed the offense—which he argues entitled him to an expunction. But the trial court's denial of an expunction was based on a lack of proof of element two—that there was no court-ordered community supervision for the

offense—and Pham does not challenge the court's ruling or its findings and conclusions with regard to element two, or otherwise argue how he established element two in light of his admission that he received two years' deferred adjudication community supervision for assault in exchange for the State's dismissal of the indictment. We conclude that Pham did not satisfy all the statutory elements to be entitled to an expunction, and the trial court did not abuse its discretion by denying relief. *See Foster*, 398 S.W.3d at 892; *Ex parte Bearce-Bellow*, No. 05-12-00662-CV, 2013 WL 485788, at *2 (Tex. App.—Dallas Feb. 7, 2013, no pet.) (mem. op., not designated for publication).

## CONCLUSION

We affirm the trial court's order.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

131662F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE HUNG T. PHAM

No. 05-13-01662-CV     V.

On Appeal from the Criminal District Court
No. 7, Dallas County, Texas
Trial Court Cause No. X13-1266-Y.
Opinion delivered by Justice Lang-Miers,
Justices Bridges and Fillmore participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee the State of Texas recover its costs of this appeal from
appellant Hung T. Pham.

Judgment entered this 18th day of December, 2014.