**Reversed and Rendered and Opinion Filed December 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-17-01359-CV
_____

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant
### V.
### NANCY ELAINE BLANTON, Appellee

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CU-17-1238**

# MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Lang

In this restricted appeal appellant Texas Department of Public Safety (DPS) seeks reversal of the trial court's order granting an expunction of records to appellee Nancy Elaine Blanton. In a single issue, DPS contends the district court "misinterpreted" the Texas expunction of records statute by allowing Blanton's records to be expunged despite a final conviction. We agree with the DPS that the district court erred when it granted Blanton's petition for expunction. The district court's order of expunction is reversed and we render an order denying Blanton's petition for expunction.

## I.      Factual and Procedural Context

On April 5, 1980, Nancy Elaine Blanton was arrested for, and charged with, larceny and theft by check. Blanton pleaded guilty to the reduced charge of issuance of bad check. TEX. PENAL

CODE ANN. § 32.41. She was convicted of that offense and fined $1.00 and court costs, with payment deferred 60 days. The judgment dated April 8, 1980 respecting that offense states that Blanton "appeared in person and by attorney waived a trial by jury, executed a waiver permitting stipulation of testimony and waived his [sic] time to prepare for trial and his [sic] right to be confronted with his [sic] accusers and to cross examination of witnesses," and pleaded guilty. On August 15, 2017, Blanton filed a petition to expunge the records of her April 5, 1980 arrest and the April 8, 1980 conviction. In her petition, Blanton stated she was not convicted of an offense relating to her arrest. In response, DPS filed an answer asserting the arrest resulted in a final conviction. On September 29, 2017, after a hearing, the district court signed an order granting expunction. DPS timely filed this restricted appeal.

## II.    Restricted Appeal of Expunction Order

Initially, we must address whether DPS may complain of the expunction order in a restricted appeal. All law enforcement agencies that may have records a petitioner wants expunged are entitled to be represented by counsel at an expunction hearing. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c–1); *Texas Dep't of Pub. Safety v. Foster*, 398 S.W.3d 887, 890 (Tex. App.—Dallas 2013, no pet.). To successfully attack an order by restricted appeal, the appealing party must show it was (1) a party who did not participate either in person or through counsel in the hearing that resulted in the judgment complained of, (2) it filed a notice of appeal within six months after the order was signed, and (3) error is apparent on the face of the record. TEX. R. APP. P. 26.1(C), 30; *Foster,* 398 S.W.3d at 890. An agency protesting an expunction order may appeal the judge's decision in the same manner as in other civil cases. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(a); *Foster,* 398 S.W.3d at 890.

As a state agency that has records subject to expunction, DPS is a party to the suit within the meaning of the requirements of a restricted appeal. *Foster,* 398 S.W.3d at 890. The petition for

expunction was filed on August 15, 2017. The record contains a return receipt showing DPS was served with a copy of the petition for expunction on August 22, 2017. On September 26, 2017, DPS filed an answer. However, DPS did not participate in person or through counsel in the expunction hearing. Accordingly, DPS meets the first requirement for raising a restricted appeal. *Foster,* 398 S.W.3d at 890.

The order of expunction was signed by the district court on September 29, 2017. DPS filed its notice of restricted appeal on November 8, 2017, within the six-month deadline contemplated in rule 26.1(c). Because DPS timely filed its notice of restricted appeal, it meets the second requirement for raising a restricted appeal. *Foster,* 398 S.W.3d at 890. Accordingly, we next turn to whether error is apparent on the face of the record.

### III.     Standard of Review

In a restricted appeal, an appellate court is limited to considering only the face of the record, but its scope of review is otherwise the same as that in an ordinary appeal. *Foster*, 398 S.W.3d at 887, 890. Accordingly, an appellate court reviews the entire case. *Id*. In a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Id*. An appellate court's review of the entire case encompasses the review of the insufficiency claims. *Id*.

### IV.     Applicable Law

Expunction is a statutory privilege and the petitioner must prove that all statutory requirements have been satisfied. *Texas Dep't. of Pub. Safety v. J.H.J.,* 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Pursuant to article 55.01(a) of the code of criminal procedure, a person who has been placed under custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:

(1) the person is tried for the offense for which the person was arrested and is:

(A) acquitted by the trial court, except as provided by Subsection (c); or

(B) convicted and subsequently:

(i) pardoned for a reason other than that described by Subparagraph (ii); or

(ii) pardoned or otherwise granted relief on the basis of actual innocence with respect to that offense, if the applicable pardon or court order clearly indicates on its face that the pardon or order was granted or rendered on the basis of the person's actual innocence; or

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor…

TEX. CRIM. PROC. CODE ANN. § 55.01(a).

## V. Application of Law to the Facts

DPS argues that "Blanton is not entitled to an expunction of any records from her arrest because she was convicted of a charge as a result of that arrest." To be entitled to expunction under the facts of this case, Blanton had the burden to establish the charge did not result in a final conviction. Blanton contends she was not convicted of the offense. She presents four arguments in support of her contention. We address each argument in turn. First, Blanton asserts she did not waive her right to a trial, and that no trial was held. However, the judgment states unequivocally she waived her right to a trial. Blanton cites nothing in the record to support her position on this point.

Second, Blanton asserts that she advised the "clerk" she was pleading guilty, and the clerk told her "the county attorney said it would be deferred because it was my first offense." Blanton contends she "received a deferred penalty and was placed on probation for 60 days without a trial court [sic]." Thus, she argued, the fact that she successfully completed probation "prevented a

–4–

judgment of conviction." The judgment does reflect that the fine and costs sentenced to Blanton were deferred, reading "FINE & COSTS DEFERRED 60 DAYS." However, nothing in the record identifies the conviction as being deferred.

Third, Blanton argues she received insufficient notice to hire an attorney. She contends the lack of notice meant she could not be, and was not, represented by counsel. First, she states she was "arrested and then released when I paid bail on April 5, 1980, a Saturday." She then argues "there was no way I could get notice of trial and get a lawyer by Tuesday, April 8, 1980 and be prepared for a court trial." She additionally states, "The Judgment…has typed above the word Judgment 'motion by County Attorney.' If I had a lawyer it seems my lawyer would make a motion."

The relevant portion of the judgment reads as follows:

> Defendant appeared in person and by attorney waived a trial by jury, executed a waiver permitting stipulation of testimony and waived his [sic] time to prepare for trial and his [sic] right to be confronted with his [sic] accusers and to cross examination of witnesses, and pleaded guilty. It appears to the Court that the Defendant was duly admonished as required by law affirming unequivocally that no coersion, duress or promises prompted his [sic] plea, and he [sic] had been fully advised as to all his [sic] constitutional rights by his [sic] attorney and the range of punishment was explained to defendant; Defendant was warned by the Court that the Court is not bound on any recommendation of either attorney or is not bound by any plea bargain entered into by parties; but that if such plea bargain, if any, is not approved by the Court, then the Defendant may withdraw his plea of guilty, Defendant confessed all material, allegations and was found guilty under his plea of guilty…

Contrary to what Blanton argues, nowhere in the record is there anything that shows she was not represented by counsel.

Fourth, Blanton states she "believed when I paid the clerk that I was not convicted and there would not be a judicial determination of guilt." However, once again, the record reflects Blanton pleaded "guilty" and was found "guilty."

## VI.    Conclusion

The trial court erred in granting the order of expunction. As a matter of law, Blanton's conviction for issuance of bad check precludes the expunction of the records and file relating to her arrest. We reverse the order of expunction, and render judgment denying expunction.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE


171359F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant

No. 05-17-01359-CV          V.

NANCY ELAINE BLANTON, Appellee

On Appeal from the 15th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. CV-17-1238.
Opinion delivered by Justice Lang. Justices
Fillmore and Schenck participating.

In accordance with this Court's opinion of this date, the trial court's September 29, 2017 "Order Directing Expunction of Criminal Records" is **REVERSED** and judgment is **RENDERED** that Nancy Elaine Blanton is not entitled to an expunction of records as a matter of law.

It is **ORDERED** that appellant TEXAS DEPARTMENT OF PUBLIC SAFETY recover costs of this appeal from appellee NANCY ELAINE BLANTON.

Judgment entered this 20th day of December, 2018.