**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**

v.

**Jesse Gary JACOBS, Appellee.**

**No. 05–07–00669–CV.**

Court of Appeals of Texas,
Dallas.

April 17, 2008.

J. Frank Davis, Austin, TX, for Appellant.

Jesse Gary Jacobs, Wills Point, TX, pro se.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion by Justice MORRIS.

In this case, the Texas Department of Public Safety brings a restricted appeal of an expunction order in favor of Jesse Gary Jacobs. In two issues, the TDPS contends Jacobs is not entitled to have his record expunged because he failed to produce evidence that he had not been convicted of a felony in the five years before his arrest and because he was placed on probation as a result of the arrest. We reverse the trial court's order.

■ Initially, we must address whether the TDPS may complain of the expunction order in a restricted appeal. To successfully attack an order by restricted appeal, the appealing party must show it was a party who did not participate either in person or through counsel in the hearing that resulted in the judgment complained of, it filed a notice of appeal within six months after the order was signed, and error is apparent on the face of the record. See TEX.R.APP. P. 26.1(c), 30. An agency protesting an expunction order may appeal the judge's decision in the same manner as in other civil cases. TEX.CODE CRIM. PROC. ANN. art. 55.02, § 3(a) (Vernon Supp.2007). All law enforcement agencies that may have records a petitioner wants expunged are entitled to be represented by counsel at an expunction hearing. See TEX.CODE CRIM. PROC. ANN. art. 55.02, § 2(c–1); Tex. Dep't of Pub. Safety v. Moore, 51 S.W.3d 355, 357 (Tex.App.-Tyler 2001, no pet.).

■ The TDPS, "as a State agency with records subject to expunction, is a party to the suit within the meaning of the requirements for a restricted appeal." Moore, 51 S.W.3d at 357; see also State v. Sink, 685 S.W.2d 403, 404 (Tex.App.-Dallas 1985, no writ) (holding State had standing to directly appeal ex parte expunction order). In Jacobs's case, the TDPS was served with a copy of the petition for expunction and filed a written response, but it did not participate either in person or through counsel in the expunction hearing. Thus, the TDPS meets the first requirement for raising a restricted appeal.

The expunction order was signed December 18, 2006, and the TDPS filed its notice of appeal June 7, 2007, within the six-month deadline contemplated in appellate rule 26.1(c). Because the TDPS timely filed its notice of restricted appeal, it meets the second requirement for raising a restricted appeal. We next turn to whether error is apparent on the face of the record.

■ In a restricted appeal, we are limited to considering only the face of the record, but our scope of review is otherwise the same as that in an ordinary appeal; accordingly, we review the entire case. Hubicki v. Festina, 156 S.W.3d 897, 900 (Tex.App.-Dallas 2005), rev'd on other grounds, 226 S.W.3d 405 (Tex.2007). In a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. Id. Our review of the entire case, then, encompasses the "review of legal and factual insufficiency claims." See id.

■ In its second issue, the TDPS contends there is error on the face of the record because Jacobs was placed on probation as a result of his arrest. Article 55.01 of the code of criminal procedure provides that a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled, under certain conditions, to expunction of all records and files relating to the arrest. TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp. 2007). To be entitled to expunction, the person seeking relief must establish that each of the following conditions exists:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested or, if an indictment or information charging the person with commission of a felony was presented, the indictment or information has been dismissed or quashed, and:

(i) the limitations period expired before the date on which a petition for expunction was filed under Article 55.02; or

(ii) the court finds that the indictment or information was dismissed or quashed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court ordered community supervision under Article 42.12 for any offense other than a Class C misdemeanor*; and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)-(C) (emphasis added).

A review of the record before us establishes that Jacobs was charged with and pleaded guilty to a third degree felony—possession, with intent to deliver, of alprazolam in an amount of twenty-eight grams or more but less than 200 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.117(c) (Vernon 2003). The clerk's record contains a copy of the deferred adjudication judgment. The judgment states that the evidence substantiates Jacobs's guilt for the offense of possession, with intent to deliver, of alprazolam in an amount of twenty-eight grams or more but less than 200 grams and places Jacobs on deferred-adjudication community supervision for a period of three years.

Furthermore, Jacobs admitted at the expunction hearing that he served deferred adjudication probation in the case. Thus, the face of the record establishes Jacobs was not entitled to expunction because the court ordered "community supervision" under article 42.12 of the code of criminal procedure. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 5 (Vernon Supp.2007); *Tex. Dep't. of Pub. Safety v. Wallace*, 63 S.W.3d 805, 807 (Tex.App.-Austin 2001, no pet.). Because the TDPS has established error apparent on the face of the record, we resolve its second issue in its favor. Due to our disposition of the second issue, we need not address the TDPS's first issue.

We reverse the trial court's order granting expunction and render judgment denying Jacobs's petition for expunction.