REVERSE and RENDER; Opinion issued February 7, 2013



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-12-00662-CV

## EX PARTE VIRGINIA LYNN BEARCE-BELLOW

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-03109-2011**

# MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion By Justice Francis

The Texas Department of Public Safety brings this restricted appeal of an expunction order in favor of Virginia Lynn Bearce-Bellow. In three issues, DPS contends (1) Bearce-Bellow is not entitled to have her record expunged because she served a term of deferred adjudication as a result of the arrest, (2) the trial court abused its discretion in ordering expunction because DPS did not receive notice of the hearing, and (3) the case must be remanded for a new trial because there is no reporter's record. We reverse the trial court's order and render judgment denying Bearce-Bellow's petition for expunction.

We first address whether DPS may complain of the expunction order in a restricted appeal. To successfully attack an order by restricted appeal, the complaining party must show it was a party who did not participate either in person or through counsel in the hearing that resulted in the judgment complained of, it filed a notice of appeal within six months after the order was signed, and

error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30.

An agency protesting an expunction order may appeal the trial court's decision in the same manner as in other civil cases. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(a) (West Supp. 2012). All law enforcement agencies that may have records a petitioner wants expunged are entitled to be represented by counsel at an expunction hearing. *See id.* art. 55.02, § 2(c–1); *Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.). As a State agency with records subject to expunction, DPS is a party to the suit within the meaning of the requirements of a restricted appeal. *Jacobs*, 250 S.W.3d at 210. In this case, the record shows DPS was served with a copy of the petition for expunction in November 2011, three and one-half months after the petition was filed, but did not file a written response, did not receive notice of the hearing, and did not participate either in person or through counsel in the expunction hearing. Thus, DPS meets the first requirement for raising a restricted appeal.

The expunction order was signed December 8, 2011, and DPS filed its notice of appeal May 17, 2012, within the six-month deadline contemplated in rule 26.1(c). Because DPS timely filed its notice of restricted appeal, it meets the second requirement for raising a restricted appeal. We next turn to whether error is apparent on the face of the record.

In a restricted appeal, we are limited to considering only the face of the record, but our scope of review is otherwise the same as that in an ordinary appeal; thus, we review the entire case. *Id.* Our review of the entire case encompasses the "review of legal and factual insufficiency claims." *See id.*

In its first issue, DPS argues error because the record shows Bearce-Bellow pleaded guilty to the lesser included offense of assault, a Class A misdemeanor, and served a term of deferred adjudication as a result of her arrest. We agree.

Article 55.01 of the code of criminal procedure provides a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled, under certain conditions, to expunction of all records and files relating to the arrest. TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2012). To be entitled to expunction under the facts of this case, Bearce-Bellow had to establish she has been released and "the charge, if any, has not resulted in a final conviction and is no longer pending and *there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor.*" TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (emphasis added).

A review of the record shows Bearce-Bellow was arrested and charged with aggravated assault with a deadly weapon. The order of deferred adjudication in the record shows she pleaded guilty to the lesser included offense of assault, a Class A misdemeanor, and was placed on deferred adjudication for one year. In her petition, Bearce-Bellow alleged she was placed on deferred adjudication probation for the lesser included offense of assault by threat or contact, a Class C misdemeanor. The face of the record establishes Bearce-Bellow was not entitled to expunction because she pleaded guilty to a Class A misdemeanor and the trial court ordered "community supervision" under article 42.12 of the code of criminal procedure. *See Jacobs*, 250 S.W.3d at 211. Because DPS established error apparent on the face of this record, we sustain its first issue. In light of our disposition, we need not address the remaining two issues.

We reverse the trial court's order granting expunction and render judgment denying Bearce-Bellow's petition for expunction.

/Molly Francis/
_____
MOLLY FRANCIS
JUSTICE

120662F.P05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE VIRGINIA LYNN BEARCE-BELLOW

No. 05-12-00662-CV

Appeal from the 219th Judicial District Court of Collin County, Texas. (Tr.Ct.No. 219-03109-2011).
Opinion delivered by Justice Francis, Justices Moseley and Lang participating.

In accordance with this Court's opinion of this date, we **REVERSE** the trial court's judgment and **RENDER** judgment that the petition for expunction is **DENIED**. We **ORDER** the Texas Department of Public Safety recover its costs of this appeal from Virginia Lynn Bearce-Bellow.

Judgment entered February 7, 2013.

_/Molly Francis/_

MOLLY FRANCIS
JUSTICE