

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00300-CV

TEXAS DEPARTMENT OF PUBLIC SAFETY, APPELLANT

V.

FREDRICK MEW, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 10190, Honorable Dan Mike Bird, Presiding

April 1, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

The Texas Department of Public Safety (the Department) initiated a restricted appeal from an order expunging the records of Frederick Mew who pled guilty in 2003 to the offense of forgery of a financial instrument. The Department contends the trial court erred in granting expunction because the evidence is legally insufficient to support the trial court's order. We reverse.

Mew pled guilty in 2003 to the state jail felony and was given deferred adjudication community supervision for two years. After successfully completing his

community supervision, the court entered an order in 2007 dismissing the deferred adjudication. Mew sought in 2012 to have his record expunged. The Department filed a general denial and also claimed that Mew was not entitled to expunction because he had served community supervision. Attached to that answer was the indictment against Mew and the order placing him on deferred adjudication community supervision. After a hearing, at which the Department did not attend, the trial court ordered expunction of the records. The Department then filed this restricted appeal.[1]

We review the trial court's order for abuse of discretion. *Ex parte M.R.R.*, 223 S.W.3d 499 (Tex. App.—Amarillo 2006, pet. denied), *overruled on other grounds by State v. Beam*, 226 S.W.3d 392 (Tex. 2007); *Heine v. Tex. Dep't of Public Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). Discretion is abused if the decision fails to comport with guiding rules and principles or is arbitrary. *Downer v. Aquamarine Operaters, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985).

Next, an applicant seeking expunction must strictly comply with the statutory terms, *Ex parte M.R.R.*, 223 S.W.3d at 500, and has the burden to prove that the statutory requirements were met. *Tex. Dep't of Public Safety v. Fredricks*, 235 S.W.3d 275, 282 (Tex. App.—Corpus Christi 2007, no pet.) Furthermore, one is entitled to expunction when 1) he has been placed under custodial arrest for commission of a felony, 2) he has later been released and the charge has not resulted in a final conviction and is no longer pending, and 3) there was no court-ordered community

---

[1] No challenge has been made to the Department's right to file a restricted appeal. Indeed, Mew filed no response to the Department's brief. Nevertheless, the record illustrates that the agency 1) failed to appear at or participate in the expunction hearing or file a timely post-judgment motion or notice of appeal and 2) filed its notice of restricted appeal within six months of the date on which the trial court signed the expunction order. Thus, it satisfied the elements for prosecuting a restricted appeal. *Tex. Dep't of Public Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.); *see also* TEX. R. APP. P. 26.1(c) (stating that an appellant has six months from the date the final order was signed to file a notice of restricted appeal); TEX. R. APP. P. 30 (specifying who may prosecute a restricted appeal).

supervision under article 42.12 for the offense. TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (West Supp. 2013).

As previously mentioned, the Department argues that the trial court abused its discretion in granting expunction since the evidence was insufficient to establish Mew's entitlement to same. And, it allegedly was insufficient because the face of the record illustrates that appellant was the recipient of court-ordered community supervision. We agree.[2]

Mew, the only witness at the hearing, testified that he was placed on deferred adjudication, he successfully completed his deferred adjudication, and he obtained an order "dismissing [him] from probation." The order to which he referred was also admitted into evidence, and it specified that the "Court [had] placed the defendant . . . on probation for a period of (2) two years for the offense of Forgery of Financial Instrument."

Court ordered community supervision under article 42.12 of the Texas Code of Criminal Procedure encompasses deferred adjudication. *Tex. Dep't of Public Safety v. Fredricks*, 235 S.W.3d at 281-82; *see also Tex. Dep't of Public. Safety v. Smith*, No. 12-12-00155-CV, 2012 Tex. App. LEXIS 10571, at *4 (Tex. App.—Tyler December 20, 2012, no pet.) (mem. op.) (stating that "[i]t is well settled law that a person is not entitled to an expunction if the person was placed on 'court ordered community supervision' under Article 42.12 of the Texas Code of Criminal Procedure, including deferred adjudication community supervision"). So, given Mew's admissions under questioning and the trial court's order illustrating that he had been previously granted probation, the

---

[2] Because this is a restricted appeal, our review is limited to the face of the record. *Tex. Dep't of Public Safety v. Jacobs*, 250 S.W.3d at 210. The face of the record consists of all papers on file in the appeal, including the reporter's record. *Id.*

evidence fails to prove entitlement to expunction; rather it proves Mew was not entitled to it. *See Tex. Dep't of Public Safety v. Bratcher,* 306 S.W.3d 932, 933 (Tex. App.—Amarillo 2010, no pet.) (finding Bratcher not entitled to expunction when he testified at the hearing that he had completed probation without a problem and the reference to probation could be inferred to refer to article 42.12); *Tex. Dep't of Public Safety v. Fredricks*, 235 S.W.3d at 282 (finding Fredricks not entitled to expunction when his attorney represented to the trial court that Fredricks received deferred adjudication community supervision and the clerk's record also contained documents illustrating the same thing). Thus, the trial court abused its discretion.

We reverse the order of expunction and render judgment denying Mew's petition to expunge all criminal records and files pertaining to his arrest and prosecution for forgery of a financial instrument.

Brian Quinn
Chief Justice