**Reversed and Rendered and Opinion Filed April 10, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00476-CV

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant
### V.
### RAYMOND TERRELL RADWAY, Appellee

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. CV-12-1244**

## MEMORANDUM OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Francis

The Texas Department of Public Safety brings this restricted appeal of the trial court's expunction order in favor of Raymond Terrell Radway. In two issues, DPS contends we must reverse the trial court's order because Radway was not entitled to an expunction or, alternatively, because there is no reporter's record. We reverse the trial court's order and render judgment denying Radway's petition for expunction.

To successfully attack an order by restricted appeal, DPS must show it was a party who did not participate either in person or through counsel in the hearing that resulted in the judgment complained of, it filed a notice of appeal within six months after the order was signed, and error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30. As a State agency with records subject to expunction, DPS is a party to the suit within the meaning of the requirements

of a restricted appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, 2(c-1); *Tex. Dept. of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.).

In this case, the record shows DPS filed an answer to Radway's petition for expunction on October 5, 2012. Although it received notice of the hearing, DPS did not participate either in person or through counsel in the expunction hearing and did not file any post-judgment proceedings, such as a motion for new trial. Thus, DPS meets the first requirement for raising a restricted appeal.

The expunction order was signed October 9, 2012, and DPS filed its notice of restricted appeal April 11, 2013, within the six-month deadline provided by rule 26.1(c). Because DPS timely filed its notice of restricted appeal, it meets the second requirement for raising a restricted appeal. We now turn to whether error is apparent on the face of the record.

In a restricted appeal, we are limited to considering only the face of the record, but our scope of review is otherwise the same as that in an ordinary appeal; thus, we review the entire case. *Jacobs*, 250 S.W.3d at 210. Our review of the entire case encompasses the review of legal and factual insufficiency claims. *See id*.

In its first issue, DPS argues error exists because the record shows Radway pleaded guilty to possession of less than 2 ounces of marijuana, a class B misdemeanor. We agree.

Radway's original amended petition asserted he was entitled to expunction under article 55.01(a)(2) of the code of criminal procedure. That article provides a person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled, under certain conditions, to expunction of all records and files relating to the arrest. TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2013). To be entitled to expunction, Radway had to establish he had been released and the charge, if any, did not result in a final conviction and was no longer pending and there was no court-ordered community supervision

–2–

under article 42.12 for the offense, unless the offense was a class C misdemeanor. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2).

A review of the record shows Radway was charged with possession of less than two ounces of marijuana, a class B misdemeanor. After Radway pleaded guilty, the trial court found him guilty and assessed punishment at 180 days in Grayson County jail, probated for 180 days. The face of the record establishes Radway was not entitled to expunction because he pleaded guilty and was found guilty of a class B misdemeanor. Because DPS established error apparent on the face of this record, we sustain its first issue. In light of our disposition, we need not address the remaining issue.

We reverse the trial court's order granting expunction and render judgment denying Radway's petition for expunction.

/Molly Francis/

130476F.P05

MOLLY FRANCIS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant

No. 05-13-00476-CV        V.

RAYMOND TERRELL RADWAY,
Appellee

On Appeal from the 397th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. CV-12-1244.
Opinion delivered by Justice Francis,
Justices Moseley and Lang participating.

    In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and judgment is **RENDERED** that:
    Raymon Terrell Radway's petition for expunction is **DENIED**.

    It is **ORDERED** that appellant TEXAS DEPARTMENT OF PUBLIC SAFETY recover
its costs of this appeal from appellee RAYMOND TERRELL RADWAY.

Judgment entered this 10th day of April, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–4–