# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00101-CV

**The Texas Department of Public Safety, Appellant**

**v.**

**J. W. D., Appellee**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
## NO. 13-1873, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Department of Public Safety brings a restricted appeal of an expunction order in favor of J.W.D.  In one issue, the Department contends that J.W.D. was not entitled to have his record expunged because the face of the record establishes that his arrest for driving while intoxicated resulted in a final conviction of reckless driving.  We will reverse the trial court's order expunging the records related to J.W.D.'s June 28, 2011 arrest.

## BACKGROUND

On June 28, 2011, J.W.D. was stopped while driving 100 miles per hour down Interstate Highway 35 in Hays County.  He was arrested and charged with driving while intoxicated. Pursuant to a plea bargain, the driving-while-intoxicated charge was dismissed in exchange for J.W.D.'s pleading no contest to reckless driving.  He was convicted of the offense of reckless driving and was ordered to pay a $200 fine and spend two days in Hays County jail.  In August 2013 J.W.D. filed a petition seeking an order expunging all records and files concerning his June 28, 2011 arrest

pursuant to article 55.01(a) of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. art. 55.01(a).

The Hays County District Attorney and the Department filed answers opposing the expunction on the ground that J.W.D. had been convicted of reckless driving as a result of the June 28, 2011 arrest and, therefore, did not meet one of the statutory requirements for expunction—that the charges against him have not resulted in a final conviction. *Id.* The trial court held a hearing on the expunction petition. The Hays County District Attorney, represented by an assistant district attorney, participated in the expunction hearing, but the Department did not participate either in person or through counsel. The trial court granted the expunction petition and signed an order expunging all records and files concerning J.W.D.'s June 28, 2011 arrest. Thereafter, the Department filed this restricted appeal.

## DISCUSSION

A restricted appeal is a direct attack on a judgment. *Roventini v. Ocular Scis., Inc.*, 111 S.W.3d 719, 721 (Tex. App.—Houston [1st Dist.] 2003, no pet.). To prevail on its restricted appeal, the Department must establish that: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999). Only the third and fourth elements are at issue here.

We first address J.W.D.'s argument that the Department has not established that it did not participate in the hearing that resulted in the expunction order. Citing no authority, J.W.D. asserts that because the Department was served with a petition, filed an answer, had notice of the expunction hearing, and received records related to the case from the Hays County Clerk, its failure to attend the expunction hearing does not satisfy the requirement that it did not participate in the hearing. To determine whether the Department meets the nonparticipation requirement of a restricted appeal, we consider whether it took part in the decision-making event that resulted in the expunction order complained of. It is the fact of non-participation, not the reason for it, that determines a person's right to pursue a restricted appeal. *Texaco, Inc. v. Central Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996). Courts construe the nonparticipation requirement liberally in favor of a right to appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985). Here, the record affirmatively shows that the Department did not appear at or otherwise participate in the expunction hearing, nor did any party or counsel purporting to act on its behalf. The fact that the Department had filed an answer and had notice of the hearing does not alter the fact that the Department did not participate in the actual decision-making event from which the expunction order resulted. *See, e.g.*, *Rivero v. Blue Keel Funding, L.L.C.*, 127 S.W.3d 421, 424 (Tex. App.—Dallas 2004, no pet.) (defendant who filed answer, was served with requests for admissions, and had notice of motion for summary judgment but did not respond to or appear at summary-judgment hearing met nonparticipation requirement). We hold that the Department met the nonparticipation requirement for a restricted appeal.

We next consider whether there is error apparent on the face of the record. In a restricted appeal we are limited to considering only the face of the record, but our scope of review is otherwise the same as that in an ordinary appeal; accordingly, we review the entire case. *Texas Dep't*

*of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.). In a restricted appeal, the face of the record consists of all papers on file in the appeal and that were before the trial court, including any reporter's record. *Id.* Our review of the entire case, then, encompasses the "review of legal and factual insufficiency claims." *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Jacobs*, 250 S.W.3d at 210.

The remedy of expunction is available if the petitioner establishes that he meets the statutory requirements set forth in Texas Code of Criminal Procedure article 55.01(a), which provides, in relevant part:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> (2) the person has been released and *the charge, if any, has not resulted in a final conviction* and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, provided that:
>
> (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense . . .
>
> > (i) has not been presented against the person at any time following the arrest . . .
> >
> > . . . or
> >
> > (ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because the person completed a pretrial intervention program . . . [or] because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense, or because the indictment or information was void, *or*

4

(B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

Tex. Code Crim. Proc. art. 55.01 (emphases added). Thus, to be entitled to expunction based on dismissal under subarticle (a)(2), J.W.D. was required to first prove that (1) he has been released; (2) the charge, if any, has not resulted in a final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under article 42.12 of the Texas Code of Criminal Procedure for the offense. *Id.* art. 55.01(a)(2). The Department contends that there is error on the face of the record because it affirmatively shows that J.W.D. did not meet the second of these requirements for expunction of the June 28, 2011 arrest. The Department asserts that the apparent error is that J.W.D.'s arrest resulted in a final conviction for reckless driving and that he was therefore not entitled to expunction under article 55.01(a)(2). We agree.

The record affirmatively shows that J.W.D. was arrested on June 28, 2011, after being stopped for driving 100 miles an hour down Interstate Highway 35. As a result of that arrest, J.W.D. was charged with driving while intoxicated. The driving-while-intoxicated charge against J.W.D. was dismissed pursuant to a plea bargain with the State. J.W.D. pleaded no contest to the charge of reckless driving, and the trial court rendered a judgment of conviction for that offense. It is undisputed that the reckless-driving charge arose from the same conduct for which J.W.D. was arrested and charged with driving while intoxicated. The clerk's record contains a copy of the judgment of conviction. The judgment states that J.W.D. pleaded no contest to the charge of reckless driving as alleged in the information and that the trial court adjudicated him guilty of that offense and assessed punishment at a $200 fine and two days' confinement in the Hays County jail. Thus, the face of the record establishes that J.W.D. was not entitled to have any arrest records relating to his June 28, 2011 arrest expunged. *See Texas Dep't of Pub. Safety v. G.B.E.*, ___ S.W.3d

5

___, at ___, 2014 WL 1165854, at * 6 (Tex. App.—Austin Mar. 20, 2014, pet. denied) ("[A] person is not entitled to have any arrest records arising from a multi-charge arrest expunged under article 55.01(a)(2) when (1) one or more charges result in a conviction (for that particular charge) and (2) any remaining charge is dismissed, but that dismissal results in a final conviction of *any* charge arising from the same arrest."); *In re A.G.*, 417 S.W.3d 652, 655 (Tex. App.—El Paso 2013, no pet.) (reversing trial court's grant of expunction of DWI charge, concluding that petitioner failed to show that charge had not resulted in final conviction under article 55.01 because petitioner pleaded guilty to reckless driving). Because the Department has established error on the face of the record, we sustain its appellate issue.

## CONCLUSION

Because he was convicted of the offense of reckless driving arising from the same conduct for which he was arrested and charged with driving while intoxicated on June 28, 2011, J.W.D. is not entitled to expunction of any arrest records relating to his June 28, 2011 arrest for driving while intoxicated. We reverse the trial court's order granting expunction and render judgment denying the petition to expunge the records related to J.W.D.'s June 28, 2011 arrest.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Reversed and Rendered

Filed: December 31, 2014

6