# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00702-CV

**The Travis County Attorney, Appellant**

**v.**

**L. C., Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-EX-13-000266, HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Travis County Attorney (County Attorney) brings this restricted appeal challenging an order of expunction signed by the trial court on May 1, 2013, in favor of appellee L.C. (the May order). The County Attorney urges that the trial court abused its discretion when it entered the order directing the County Attorney and others to expunge arrest records and files. For the following reasons, we reverse, set aside the expunction order, and remand this case to the trial court for proceedings consistent with this opinion.

## BACKGROUND

In March 2013, L.C. filed an ex parte petition to expunge records of his 2012 arrest for the felony offense of injury to a child and the misdemeanor offense of interference with an emergency call. *See* Tex. Code Crim. Proc. art. 55.02 (setting forth procedures for expunction). The petition did not list the Travis County Attorney among the agencies, entities, and officials with

records or files pertaining to the arrest. *See id.* art. 55.02, § 2(b)(8) (requiring petition to include list of applicable "law enforcement agencies, jails or other detention facilities, magistrates, courts, prosecuting attorneys, correctional facilities, central state depositories of criminal records, and other officials or agencies or other entities of this state or of any political subdivision of this state" with records or files sought to be expunged). The May order, however, included the County Attorney among the named agencies, entities, and officials subject to the order. After comparing the names listed in L.C.'s petition to the ones listed in the order, the Deputy Travis County District Clerk in charge of handling expunction cases notified L.C. that she could not process the May order as to the County Attorney, and the District Clerk did not send a copy of the order to the County Attorney.

On August 15, 2013, L.C. filed a first amended petition for expunction that listed the County Attorney as having records or files pertaining to the arrest. *See id.* In the amended petition, L.C. lists the entities, agencies, and officials who were named in the original petition, and then separately lists other entities, agencies, and officials to be served with notice of the amended petition. The County Attorney was on the latter list. The County Attorney responded to the amended petition by filing special exceptions and a general denial to the amended petition on September 11, 2013. At that point, the County Attorney was unaware of the May order. According to the Assistant County Attorney who handled all expunction cases for Travis County agencies, the office of the County Attorney did not become aware of the May order until September 2013.

On October 1, 2013, the County Attorney filed a motion to set aside the May order and for a new trial on the grounds that he was not named in the original petition but named in the May order and that he was unaware of the May order until September 2013. L.C. filed a written

2

response to the motion, arguing that the May order was final and the trial court had lost jurisdiction to consider the County Attorney's motion to set aside and for a new trial because the trial court's plenary power had expired. *See* Tex. R. Civ. P. 306a(4), 329b(d). Agreeing with L.C., the County Attorney abandoned the motion and did not proceed with a hearing. This restricted appeal followed.[1]

## ANALYSIS

In one issue, the County Attorney urges that the trial court abused its discretion when it signed the May order directing the County Attorney and others who did not have notice of L.C.'s petition to expunge arrest records and files of L.C.[2] *See Travis Cnty. Dist. Attorney v. M.M.*, 354 S.W.3d 920, 922 (Tex. App.—Austin 2011, no pet.) (en banc) (reviewing expunction order under abuse of discretion standard (citing *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied)). A trial court abuses its discretion when it acts without regard to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "A trial court also abuses its discretion by failing to analyze or apply the law correctly." *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011) (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

To successfully attack an order by restricted appeal, the appealing party must show it was (1) a party to the underlying lawsuit; (2) it did not participate either in person or through

---

[1] In a separate but related appeal, 03-13-00715-CV, *The Travis County Attorney v. L.C.*, the County Attorney challenges a subsequent expunction order signed by the trial court in October 2013. That order is based on the amended petition filed by L.C. in August 2013. By opinion issued this same date, we vacate the October 2013 order.

[2] L.C. has not filed a responsive brief.

counsel in the hearing that resulted in the complained-of judgment or order, (3) it filed a notice of appeal within six months after the judgment or order was signed, and (4) error is apparent on the face of the record. Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Texas Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.).

Here, the record affirmatively shows that the County Attorney—as a prosecuting attorney with records subject to expunction—was a party, that he was unaware and did not appear or otherwise participate in this case until several months after the trial court signed the May order, and that he filed his notice of appeal within 6 months after the May order was signed. *See* Tex. R. App. P. 26.1(c), 30; *Alexander*, 134 S.W.3d at 848; *Jacobs*, 250 S.W.3d at 210 (concluding that the Texas Department of Public Safety "'as a State agency with records subject to expunction, is a party to the suit within the meaning of the requirements for a restricted appeal'" (quoting *Texas Dep't of Pub. Safety v. Moore*, 51 S.W.3d 355, 357 (Tex. App.—Tyler 2001, no pet.)). Thus, the County Attorney meets the first three requirements for raising a restricted appeal. Accordingly, we turn to whether error is apparent on the face of the record. *See Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). The "face of the record" consists of all papers on file in the appeal. *Id.*; *Jacobs*, 250 S.W.3d at 210.

Because the right to expunction is a statutory privilege, "a person is entitled to expunction only when all statutory conditions have been met." *M.M.*, 354 S.W.3d at 923 (quoting *Harris Cnty. Dist. Attorney v. Lacafta*, 965 S.W.2d 568, 569 (Tex. App.—Houston [14th Dist.] 1997, no pet.)); *see* Tex. Code Crim. Proc. art. 55.02; *Texas Dep't of Pub. Safety v. Deck*,

4

954 S.W.2d 108, 112 (Tex. App.—San Antonio 1997, no writ) (noting that procedures in article 55.02 are mandatory and that error is apparent on face of record when record reflects that procedures were not followed); *Texas Dep't of Pub. Safety v. Riley*, 773 S.W.2d 756, 758 (Tex. App.—San Antonio 1989, no writ) (same). Among the requirements in article 55.02, a petitioner seeking expunction is required to name in his petition "prosecuting attorneys" who have records or files subject to expunction, and the trial court is required to set a hearing on the matter and to give notice of the hearing to prosecuting attorneys named in the petition. Tex. Code Crim. Proc. art. 55.02, § 2(2)(b)(8)(A), (c).

Here, the County Attorney was the prosecuting attorney for the misdemeanor charge and was named in the May order, but he was not named in the petition and received no notice of a hearing on the petition.[3] *See id*. There also is no reporter's record of a hearing on the petition for expunction,[4] and the record includes affidavits from the Deputy Travis County District Clerk and Assistant Travis County Attorneys. The Deputy Travis County District Clerk averred that she did not send a copy of the May order to the County Attorney, and one of the Assistant Travis County Attorneys averred that the office of the Travis County Attorney did not learn of the May order until September 2013 and first received a copy of the order on September 23, 2013. Thus, the record reflects that the statutory conditions for expunction were not met. *See id.*

Because the record reflects that the statutory conditions for expunction were not met, we conclude that error is apparent on the face of the record, and that the May order must be set aside.

---

[3] As previously stated, L.C. named the County Attorney in his amended petition but not in his original petition.

[4] According to the court reporter, she does not have a record of a hearing on May 1, 2013.

5

*See Deck*, 954 S.W.2d at 112; *Riley*, 773 S.W.2d at 758; *see also Texas Dep't of Pub. Safety v. Flores*, No. 04-07-00257-CV, 2008 Tex. App. LEXIS 1021, at \*2–4 (Tex. App.—San Antonio Feb. 13, 2008, no pet.) (mem. op.) (setting aside expunction order in restricted appeal based on failure to follow statutory provisions as to notice).  The record reflects that the trial court abused its discretion when it granted L.C.'s petition for expunction.  *See Iliff*, 339 S.W.3d at 78 (noting that trial court abuses its discretion when it fails to apply law correctly).  Thus we sustain the County Attorney's issue.

## CONCLUSION

For these reasons, we reverse, set aside the May order, and remand this case to the trial court for proceedings consistent with this opinion.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Field

Reversed and Remanded

Filed:  May 12, 2015