# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00809-CV

**Texas Department of Public Safety, Appellant**

**v.**

**L. V., Appellee**

## FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT
### NO. 46733, HONORABLE J. ALLAN GARRETT, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this restricted appeal, the Texas Department of Public Safety challenges the trial court's order expunging all records and files stemming from L.V.'s two arrests for assault. Because no reporter's record exists from the hearing resulting in the expunction order, we will reverse the order of the trial court and remand the cause for a new hearing.

## BACKGROUND

On May 22, 2017, L.V. filed a verified petition for expunction of records relating to two arrests: (1) a March 2003 arrest for assault, assigned cause number M-17231 in the trial court; and (2) a January 2007 arrest for assault, assigned cause number M-21830 in the trial court. In his petition, L.V. asserted that he is entitled to expunction under Article 55.01(a)(2) of the Texas Code of Criminal Procedure for each arrest and resulting charge. L.V. alleged that with respect to the assault charge in cause number M-17231, "an indictment or information was presented, but the

same was subsequently dismissed or quashed on May 29, 2003, due to inability to locate the victim, thereby indicating a lack of probable cause at the time of the dismissal." L.V. also alleged, with respect to both cause number M-17231 and cause number M-21830, that "he has been released, that the charge has not resulted in a final conviction and is no longer pending, and that there was no court-ordered community supervision under [Chapter 42A] of the Texas Code of Criminal Procedure."

On June 5, 2017, the Department filed an Answer and General Denial opposing L.V.'s petition. In its Answer, the Department specifically alleged that L.V.'s "January 2007" arrest for assault actually occurred on or about May 5, 2006; L.V. was charged with assault family violence on January 10, 2007, in cause number M-21830; and L.V. was eventually sentenced to deferred adjudication in this cause. The Department attached to its Answer unsworn, uncertified copies of what purport on their face to be: (1) a complaint against L.V. for assault family violence in cause number M-21830, signed on January 10, 2007; (2) an information charging L.V. with assault family violence in cause M-21830; and (3) the "judgment of the court" in cause number M-21830, indicating that L.V. pleaded nolo contendere and was sentenced to unsupervised, deferred adjudication for six months.

The trial court sent notice to the parties that it would conduct a hearing on L.V.'s petition at 9:00 a.m. on July 14, 2017. *See* Tex. Code Crim. Proc. art. 55.02, § 2(c) (setting and notice of hearing). To the extent an oral hearing was held on the expunction petition, the Department did not appear. The same day, the trial court signed an order granting L.V. expunction for both arrests.[1]

---

[1] On August 3, 2017, the trial court signed a judgment nunc pro tunc on the ground that "the offense dates were incorrectly stated in the order." The judgment nunc pro tunc states that "the

On December 1, 2017, the Department filed its notice of restricted appeal and subsequently requested preparation of the reporter's record. *See* Tex. R. App. P. 26.1(c). The official court reporter informed this Court by letter that the trial court "did not go on the record or make a record of this proceeding."[2]

## ANALYSIS

### A. Restricted Appeal

To prevail on a restricted appeal, the Department must establish that: (1) it filed notice of the restricted appeal within six months after judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the complained-of judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). In a restricted appeal, the "face of the record" consists of all papers on file in the appeal that were before the trial court, including any reporter's record. *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 384 (Tex. App.—Austin 2010, pet. denied); *see also Arbogust v. Graham*, No. 03-17-00800-CV, 2018 Tex. App. LEXIS 4798, at *2 (Tex. App.—Austin June 28, 2018, no pet. h.) (mem. op.) (citing *Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)). With this limitation, our scope of review is otherwise the same as in an

---

offense dates should be November 9, 2002, for cause number M-17231 and April 26, 2006, for cause number M-21830."

[2] The appellee, L.V., has not filed an appellee's brief.

ordinary appeal. *Texas Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.).

Here, the record shows that the Department timely filed its notice of appeal, was a party to the expunction, did not participate in the hearing that resulted in the expunction order, and did not file any timely post-judgment motions. *See Pike-Grant*, 447 S.W.3d at 886. Thus, the sole issue before us is whether "error is apparent on the face of the record." *See id.*

## B. Expunction Law

The remedy of expunction allows a person who has been arrested for an offense to have all records and files relating to the arrest expunged if he meets the statutory requirements set out in chapter 55 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 55.01-.06; *Texas Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 674 (Tex. App.—Austin 2010, no pet.). A petitioner seeking expunction under article 55.01(a)(2), such as L.V., must prove that (1) he has been released; (2) the charge, if any, has not resulted in final conviction; (3) the charge, if any, is no longer pending; and (4) there was no court-ordered community supervision under Chapter 42A for the offense. *See* Tex. Code Crim. Proc. art. 55.01(a)(2).

A trial court's order granting or denying a petition for expunction is reviewed under an abuse-of-discretion standard. *Heine v. Texas Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). To the extent an expunction ruling turns on a question of law, we review it de novo because a trial court has no discretion in determining what the law is or applying the law to the facts; a court abuses its discretion if it misinterprets or misapplies the law. *Nail*, 305 S.W.3d at 678.

4

## C. Analysis

In its first issue, the Department asserts that the trial court misinterpreted the expunction statute by allowing the expunction of records or files related to L.V.'s May 2006 arrest because, according to the Department, L.V. was sentenced to deferred-adjudication community supervision. In its second issue, the Department contends that the evidence is legally insufficient to support the trial court's order of expunction.

The Department's argument that there is legally insufficient evidence to support the trial court's expunction order is ordinarily reviewable in a restricted appeal. *See Norman Commc'ns*, 955 S.W.2d at 270; *Jacobs*, 250 S.W.3d at 210. We agree with the Department's assertion that L.V. would not be entitled to an expunction if the evidence before the trial court established that he received court-ordered community supervision under Chapter 42A of the Texas Code of Criminal Procedure, including deferred-adjudication community supervision, for the charges stemming from the arrests. *See Nail*, 305 S.W.3d at 683-84. Moreover, the documents attached to the Department's Answer indicate that L.V. received community supervision for charges related to at least one of the arrests (cause number M-21830).[3] Nevertheless, based on the record before us, we cannot conclude that the evidence is legally insufficient to support the trial court's expunction order.

An evidentiary hearing on a petition for expunction is required unless "the trial court has at its disposal all of the information it needs to resolve the issues in the petition for expunction; for example, through pleadings, summary judgment proof, or by judicially noticed court records."

---

[3] The documents do not suggest anything with respect to the other arrest for which L.V. sought and obtained expunction, cause number M-17231.

5

*Texas Dep't of Pub. Safety v. N.E.A.*, No. 09-16-00057-CV, 2017 Tex. App. LEXIS 2525, at *2-3 (Tex. App.—Beaumont Mar. 23, 2017, no pet.) (mem. op). Here, the documents that the Department attached to its Answer, and on which it now relies, are unsworn and uncertified copies, and consequently, the trial court could have reasonably concluded that the Department failed to conclusively negate L.V.'s petition for expunction and that a hearing was necessary to resolve the issues before it. *See Ex parte Pinnock*, 437 S.W.3d 564, 568 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (concluding that trial court could have reasonably concluded that documents attached to Department's answer did not prove essential elements of Department's affirmative defense to petition for expunction); *see also Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 844 (Tex. App.—Austin 2004, no pet.) ("Summary-judgment evidence must be presented in a form that would be admissible in a conventional trial proceeding."). Without a reporter's record from that hearing, however, we cannot know what evidence, if any, was introduced. *See Ex parte Ruiz*, No. 04-11-00808-CV, 2012 Tex. App. LEXIS 5467, at *4 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.) (reversing and remanding expunction order in restricted appeal due to absence of reporter's record, "[a]lthough the attachments to DPS's affirmative defense and original answer indicate that Ruiz received deferred adjudication and court-ordered community supervision"); *see also Ex parte Ho*, No. 06-17-00120-CV, 2018 Tex. App. LEXIS 3159, at *6 (Tex. App.—Texarkana May 4, 2018, no pet.) (mem. op.) ("Although the attachments to the DPS's answer indicated that Ho may not have been entitled to expunge records from his December 2014 arrest, '[w]ithout a reporter's record, we cannot know what evidence, if any, was introduced at the hearing.'") (citing *Ex parte Tippens*, No. 06-17-00100-CV, 2018 Tex. App. LEXIS 2096, at *3 (Tex. App.—Texarkana Mar. 23, 2018, no pet.) (mem. op.) and *Ex parte Ruiz*, 2012 Tex. App. LEXIS

5467, at \*1); *cf. Texas Dep't of Pub. Safety v. Sowell*, No. 11-10-00018-CV, 2011 Tex. App. LEXIS 5087, at \*2 (Tex. App.—Eastland June 30, 2011, no pet.) (mem. op.) (affirming expunction order in restricted appeal without reporter's record, despite fact that "[a]ttachments to the answer filed by the DPS indicate that Sowell . . . would . . . not be entitled to an expunction"). *But see Ex parte Border*, No. 13-17-00113-CV, 2018 Tex. App. LEXIS 3875, at \*6 (Tex. App.—Corpus Christi May 31, 2018, no pet.) (mem. op.) (concluding in restricted appeal of expunction order without reporter's record that "executed and file-stamped" judgments of conviction in clerk's record were sufficient to demonstrate "error on the face of the record").

Consequently, we cannot determine whether the evidence is sufficient to support the trial court's order of expunction, nor can we evaluate whether the trial court's expunction decision was based on a misinterpretation of the expunction statute or, instead, on the evidence before it. *See Ex parte Garcia*, No. 04-15-00174-CV, 2016 Tex. App. LEXIS 1304, at \* 4 (Tex. App.—San Antonio Feb. 10, 2016, no pet.) (mem. op.) (remanding for new expunction hearing, explaining that "in the absence of a reporter's record, we cannot know what evidence, if any, was introduced before the trial court"); *Ex parte E.P.J.*, No. 10-14-00253-CV, 2015 Tex. App. LEXIS 2908, at \*3 (Tex. App.—Waco Mar. 26, 2015, no pet.) (mem. op.) (remanding for new expunction hearing because without reporter's record "we are unable to determine what evidence was before the trial court and, thus, unable to determine whether error is apparent on the face of the record"); *see also Arbogust*, 2018 Tex. App. LEXIS 4798, at \*2 (remanding for additional proceedings because "no record was made of the hearing granting the default decree, preventing any review of the sufficiency of the evidence"). In short, without a reporter's record, we cannot decide the Department's first and second issues on appeal.

7

In its third and fourth issues, the Department argues, in the alternative, that this cause should be remanded to the trial court for a new hearing. Specifically, in its third issue, the Department argues that the trial court erred to the extent that it failed to hold an evidentiary hearing because, under the circumstances, an evidentiary hearing was required to resolve the issues presented. In its fourth issue, the Department contends that "if there was a hearing, the order of expunction must be reversed and the case remanded for a new trial because there is no reporter's record."

Based on the trial court's notice setting a hearing on L.V.'s petition for expunction for a particular date and time, it appears that an oral hearing occurred. Without a reporter's record, however, we cannot ascertain whether evidence was presented at that hearing. *See Ex parte Tippens*, 2018 Tex. App. LEXIS 2096, at *5 ("Without a reporter's record, we cannot know what evidence, if any, was introduced at the hearing."). Because the lack of a reporter's record constitutes error on the face of the record, we sustain the Department's fourth issue on appeal. *See Ruiz*, 2012 Tex. App. LEXIS 5467, at *4 ("[B]ecause DPS has complained of the absence of a reporter's record, the trial court's order must be reversed, and the cause must be remanded for a new hearing."); *see also Arbogust*, 2018 Tex. App. LEXIS 4798, at *3 ("The absence of a reporter's record constitutes error apparent of the face of the record as a matter of law and requires reversal of the decree and remand for a new trial.") (citing *Rogers v. Rogers*, 561 S.W.2d 172, 173-74 (Tex. 1978)).

## CONCLUSION

We reverse the trial court's order of expunction and remand the cause to the trial court for a new hearing.

8

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Reversed and Remanded

Filed:   August 7, 2018

9