**REVERSE AND RENDER and Opinion Filed November 20, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01424-CV

## EX PARTE: JAMES BRADSHAW

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-02169-2017**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

The Texas Department of Public Safety appeals the trial court's order granting James Bradshaw's petition for expunction of records related to a driving while intoxicated offense and a possession of a controlled substance offense. In four issues, the Department argues Bradshaw was not entitled to expunction; the order of expunction was not supported by legally sufficient evidence; the trial court erred in failing to hold a hearing on Bradshaw's petition; and, alternatively, if a hearing was held, Bradshaw failed to ensure that a reporter's record was made of the hearing, necessitating a new trial. We reverse the trial court's order and render an order denying Bradshaw's petition for expunction.

Bradshaw's petition for expunction stated he was charged by information with driving while intoxicated on September 9, 2015 but was acquitted on April 17, 2017. The petition also stated he was charged with possession of a controlled substance on September 9, 2015, but the case was "rejected by the county." Bradshaw attached a verification to the petition in which he

stated the facts alleged in the petition were true and correct. The State filed an answer in which it asserted Bradshaw was arrested on September 9, 2015 for three offenses: the Class B misdemeanor offense of driving while intoxicated; the Class A misdemeanor offense of possession of a controlled substance, penalty group 3 ; and a Class B misdemeanor offense of possession of marijuana. Bradshaw was acquitted of the driving while intoxicated charge but pleaded guilty to the possession of marijuana and was initially sentenced to deferred adjudication community supervision. However, Bradshaw was later adjudicated guilty of possession of marijuana and sentenced to confinement for twenty days and assessed a fine. On September 22, 2017, the trial court signed an order granting expunction of both the driving while intoxicated and possession of a controlled substance charges. On December 12, 2017, the Department filed its notice of restricted appeal.

In its first issue, the Department argues Bradshaw was not entitled to expunction of any of the offenses of the arrest because the offenses occurred in the same criminal episode and one of the offenses resulted in court-ordered community supervision and ultimately, final conviction.

As an initial matter, we address whether the Department may complain of the expunction order in a restricted appeal. To successfully attack an order by restricted appeal, the appealing party must show it was a party who did not participate either in person or through counsel in the hearing that resulted in the judgment complained of, it filed a notice of appeal within six months after the order was signed, and error is apparent on the face of the record. *See* TEX. R. APP. P. 26.1(c), 30; *Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.). An agency protesting an expunction order may appeal the judge's decision in the same manner as in other civil cases. TEX. CODE CRIM. PROC. ANN. art. 55.02, § 3(a). All law enforcement agencies that may have records a petitioner wants expunged are entitled to be

represented by counsel at an expunction hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 55.02, § 2(c–1); *Jacobs*, 250 S.W.3d at 210.

The Department, "as a State agency with records subject to expunction, is a party to the suit within the meaning of the requirements for a restricted appeal." *Jacobs*, 250 S.W.3d at 210 (quoting *Tex. Dep't of Pub. Safety v. Moore*, 51 S.W.3d 355, 357 (Tex. App. —Tyler 2001, no pet.)); *see also State v. Sink*, 685 S.W.2d 403, 404 (Tex. App. —Dallas 1985, no writ) (holding State had standing to directly appeal ex parte expunction order). In this case, the Department was served with a copy of the petition for expunction and filed a written response, but it did not participate either in person or through counsel in the expunction hearing. Thus, the Department meets the first requirement for raising a restricted appeal.

The expunction order was signed September 22, 2017, and the Department filed its notice of appeal on December 12, 2017. Because the Department timely filed its notice of restricted appeal, it meets the second requirement for raising a restricted appeal. We next turn to whether error is apparent on the face of the record.

In a restricted appeal, we are limited to considering only the face of the record, but our scope of review is otherwise the same as that in an ordinary appeal; accordingly, we review the entire case. *Jacobs*, 250 S.W.3d at 210. The Department argues error is apparent on the face of the record because the trial court misinterpreted the expunction statute.

We review a trial court's ruling on a petition for expunction for abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). However, to the extent a ruling on expunction turns on a question of law, we review any legal conclusions de novo. *See id.*; *see also Collin Cty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 539 (Tex. App.—Dallas 2014, no pet.).

Expunction is a statutorily–created remedy that allows a person who has been arrested for the commission of an offense to have the records and files relating to the arrest expunged if the

person meets the statutory requirements of article 55.01 of the code of criminal procedure. *Fourrier*, 453 S.W.3d at 539; *see also* TEX. CODE CRIM. PROC. ANN. art. 55.01. The purpose of the expunction statute is to "protect wrongfully–accused people by eradicating their arrest records." *In re State Bar of Texas*, 440 S.W.3d 621, 622 (Tex. 2014). Because the cause of action is created by statute, all of its provisions are mandatory and require strict compliance for the action to be sustained. *Fourrier*, 453 S.W.3d at 539; *see also T.S.N.*, 547 S.W.3d at 620 ("A person is not entitled to expunction until all of the statutory conditions are met."). The trial court has no equitable power to extend the protections of the expunction statute beyond the statute's stated provisions. *Fourrier*, 453 S.W.3d at 539. Although the expunction statute appears in the code of criminal procedure, an expunction proceeding is civil in nature and the petitioner carries the burden of proving compliance with the statutory requirements. *Id.*

Bradshaw sought expunction generally pursuant to "Chapter 55" of the code of criminal procedure. The trial court's expunction order stated Bradshaw was "entitled to expunction as provided by Article 55.01(a)(2)" of the code of criminal procedure. Article 55.01(a)(1), (2) and (c) provide, in pertinent part:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> (1) the person is tried for the offense for which the person was arrested and is:
>
> (A) acquitted by the trial court, except as provided by Subsection (c);
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense,
>
> (c) A court may not order the expunction of records and files relating to an arrest for an offense for which a person is subsequently acquitted, … by the trial court, . . . if the offense for which the person was acquitted arose out of a criminal episode, as defined by Section 3.01, Penal Code, and the person was convicted of … at least one other offense occurring during the criminal episode.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(1),(2)(A) & (c).

The Penal Code defines "criminal episode" as the commission of two or more offenses pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan. Texas Penal Code 3.01.

On appeal, Bradshaw did not file a brief. His petition for expunction addressed only the driving while intoxicated and possession of a controlled substance charges and failed to address the charge for which he was convicted, the possession of marijuana offense. The record reflects appellant pled guilty to the possession of marijuana charge and was placed on deferred adjudication community supervision on March 10, 2016. On January 20, 2017, the State filed a petition to adjudicate Bradshaw's guilt. On February 23, 2017, the trial court adjudicated Bradshaw guilty and assessed a fine of $200 and twenty days' confinement. Thus, Bradshaw was arrested on September 9, 2015, for three offenses. He was acquitted of one offense, one offense was "rejected by the county," and in the final case, he was placed on court-ordered community supervision and later adjudicated guilty and sentenced to twenty days' confinement and a fine. The trial court granted an expunction for an arrest for a driving while intoxicated offense that was ultimately an acquittal and an arrest for a "rejected" drug offense but did not grant an expunction for the possession of marijuana offense.

This Court and others have concluded that subarticle (a)(2) is arrest–based, and a person seeking expunction must meet the requirements of article 55.01(a)(2) for all charges arising from an arrest, including showing there was no final conviction or court-ordered community supervision. *Ex parte Hoover*, No. 05-16-01363-CV, 2018 WL 2926143, at *3 (Tex. App.—Dallas June 7, 2018, pet. filed); *Tex. Dep't of Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 630 (Tex. App.—Austin 2014, pet. denied) (en banc); *see also Ex parte C.E.A.*, No. 12–17–00311–CV, 2018 WL 1940377, at *2 (Tex. App.—Tyler Apr. 25, 2018, no pet.) (mem. op.) ("a person is not entitled to have any arrest records expunged under Article 55.01(a)(2) when a charge is dismissed, but that

dismissal results in community supervision for any charge arising from the same arrest."); *S.J. v. State*, 438 S.W.3d 838, 846 (Tex. App.—Fort Worth 2014, no pet.) (appellant not entitled to expunction because he was placed on court-ordered community supervision for a charge arising from the arrest); *Tex. Dep't of Pub. Safety v. Crawford*, No. 12–12–00072–CV, 2013 WL 776618, at *1 (Tex. App.—Tyler Feb. 28, 2013, no pet.) (mem. op.) ("A person is not entitled to an expunction if she was placed on 'court ordered community supervision' . . . which includes deferred adjudication community supervision."). "If the Legislature wished to permit persons to expunge records related to a particular charge resulting from an arrest without expunging all records of the arrest itself, we presume that it would have included language with that meaning in the statute." *Ex parte De La Garza*, No. 13–16–00522–CV, 2018 WL 1417450, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 22, 2018, no pet.) (mem. op.) (citing *S.J.*, 438 S.W.3d at 843; *Ex parte S.C.*, 305 S.W.3d 258, 263 (Tex. App.—Houston [14th Dist.] 2009, no pet.)).

We conclude that article 55.01(a)(2) "maintains an arrest as the unit of expunction and that, consequently, a petitioner must prove that each charge arising from the arrest satisfies the requirements" of article 55.01(a)(2). *T. H. v. Tex. Dep't of Pub. Safety*, No. 03-15-00304-CV, 2016 WL 5874869, at *4 (Tex. App.—Austin Oct. 6, 2016, no pet.). Considering the language of article 55.01(a)(2), the Texas Supreme Court's opinion in *T.S.N.*, the prevailing case law from our sister courts, and keeping in mind the statute's general purpose of permitting expunction of wrongful arrests, we conclude that a person is not entitled to have any arrest records expunged under article 55.01(a)(2) when any charge resulted in court-ordered community supervision under article 42.12 of the code of criminal procedure. *See, e.g.*, *T.S.N.*, 547 S.W.3d at 621-23; *G.B.E.*, 459 S.W.3d at 629; *Ex parte C.E.A.*, 2018 WL 1940377, at *2; *S.J.*, 438 S.W.3d at 846; *Crawford*, 2013 WL 776618, at *1.

Under these circumstances, we conclude the face of the record establishes Bradshaw was not entitled to expunction because the court ordered community supervision and later adjudicated appellant's guilt for one of the offenses for which he was arrested. *See G.B.E.*, 459 S.W.3d at 629; *Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 211 (Tex. App.—Dallas 2008, no pet.). Because the Department has established error apparent on the face of the record, we resolve its first issue in its favor. Due to our disposition of the first issue, we need not address the Department's remaining issues.

We reverse the trial court's order granting expunction and render judgment denying Bradshaw's petition for expunction.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

171424F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE EX PARTE: JAMES
BRADSHAW

No. 05-17-01424-CV

On Appeal from the 296th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 296-02169-2017.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and judgment is **RENDERED** that:
James Bradshaw's petition for expunction is **DENIED**.

It is **ORDERED** that appellant Texas Department of Public Safety recover its costs of
this appeal from appellee James Bradshaw.

Judgment entered November 20, 2018.